

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DSS:SA
F.#2009R00381

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 2, 2012

**By Hand and ECF**

Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:   United States v. Edward Gotay,
             <u>Criminal No. 09-165 (ILG)</u>

Dear Judge Glasser:

      Defendant Edward Gotay filed a letter on February 16, 2012, *pro se*, in which he requests "some understanding if possible of the retroactivity of the Fair Sentencing Act and how does it affect me . . . ." Pursuant to an order dated February 21, 2012, the Court "construe[d] his letter as a motion made pursuant to the Fair Sentencing Act of 2010 and 18 U.S.C. § 3582(c)(2), as well as one made 'on its own motion'" and directed the government to file and serve its response on or before March 2, 2012. The government submits this letter as directed and, for the reasons set forth below, submits that any relief, including a resentencing, the defendant may seek is not authorized by Section 3582(c)(2) or the Fair Sentencing Act of 2010 and, therefore, his motion should be denied.

I.    <u>Background</u>

      On December 4, 2009, the defendant pled guilty pursuant to a plea agreement to conspiracy to distribute 50 grams or more of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(A)(iii). The defendant was subsequently sentenced by the Court on May 10, 2010 to 120 months in prison, the statutory minimum sentence, to be followed by a mandatory sentence of five years of supervised release, pursuant to Title 21, United States Code, Section 841(b)(1)(A)(iii).

2

**II.  Applicable Law**

    A.   *The Fair Sentencing Act*

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"), was signed on August 3, 2010. Immediately following the enactment of the FSA, the Department of Justice ("DOJ") took the view that the FSA's new threshold quantities for mandatory minimum penalties applied only to conduct that occurred on or after the date of its enactment. The general savings statute, Title 1, United States Code, Section 109, provides that the repeal of a criminal statute does not extinguish liability for previous violations of that statute, unless the repealing law expressly so states (which the FSA does not).

On July 15, 2011, the DOJ concluded "that the law requires the application of the [FSA's] new mandatory minimum sentencing provisions to all sentencings that occur on or after August 3, 2010, regardless of when the offense conduct took place." (Memorandum from Attorney General Eric H. Holder, Jr., dated July 15, 2011).[1]  The Memorandum further provides that the "revised penalties do not apply to sentences imposed prior to that date." Id.  The Second Circuit has held that the FSA does not apply to pre-August 3, 2010 sentencings. United States v. Acoff, 634 F.3d 200 (2d. Cir. 2011); United States v. Goncalves, 2011 WL 1631649 (1st Cir., Apr. 28, 2011) (collecting cases).

    B.   *Title 18, United States Code, Section 3582(c)(2)*

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent

---

[1]  On November 28, 2011, the Supreme Court granted certiorari in a case addressing the appropriate interpretation of the FSA.  See Hill v. United States, 132 S. Ct. 759 (2011).

3

>with applicable policy statements issued by the Sentencing Commission.

The United States Sentencing Guidelines (the "Guidelines") provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." § 5G1.1(b).

### III. Analysis

The law pertaining to mandatory minimum sentences for cocaine base offenses was changed August 3, 2010, after the offense of conviction, the plea and the sentencing. Pub. L. No. 111-220, 124 Stat. 2372 (2010). As such, the defendant is entitled to no relief under the FSA. United States v. Acoff, 634 F.3d 200 (2d. Cir. 2011). The defendant was sentenced to the statutory mandatory minimum sentence of ten years which has not been changed. Id.; § 5G1.1(b)("[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."(emphasis added)). Thus, the defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see U.S. v. Byers, 561 F.3d 825, 832 (8th Cir. 2009).

### IV. Conclusion

In light of the above, the government respectfully submits that the defendant is not entitled to any relief, including a resentencing, under Section 3582(c)(2) or the Fair

4

Sentencing Act of 2010 and, therefore, his motion should be denied.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                         By:        /s/
                                      Shreve Ariail
                                      Assistant U.S. Attorney
                                      (718) 254-6616


cc:  Edward Gotay (via U.S. mail)

**CERTIFICATE OF SERVICE**

      I swear and affirm that I have caused the government's response to the pro se defendant's Petition for Reduction of His Sentence to be served on the defendant, via U.S. mail, to the attention of Mitchell Pringle, USMS# 65116-053, F.C.I. Allenwood, P.O. Box 2000, Whitedeer, PA 17887-2000, on February 10, 2012.

                                      /s/
                                  Seth D. DuCharme
                                  Assistant U.S. Attorney

Dated: Brooklyn, NY
       February __, 2012