UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

- against -

EDWARD GOTAY,

        Defendant.
---------------------------------------------------------x

MEMORANDUM AND ORDER

09 Cr. 165 (ILG)

GLASSER, Senior United States District Judge:

Defendant Edward Gotay ("Gotay") on December 4, 2009 pleaded guilty to an indictment charging him with conspiring to distribute and possess with intent to distribute 50 grams or more of a substance containing cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii) (2006).[1] The Court on May 10, 2010—a few months before the FSA took effect—sentenced Gotay to the pre-FSA mandatory minimum sentence of ten years in prison, to be followed by a mandatory sentence of five years of supervised release. Sentencing Tr. at 13 ("The Court: . . . A hundred 20 months, five years supervised release, $100 special assessment.").

Gotay on February 16, 2012 filed a letter seeking "to get some understanding . . . of the retroactivity of the [FSA]" to him. Construing this letter as a motion pursuant to 18 U.S.C. § 3582(c), the Court directed the government to file and serve a response. The

---

[1] The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (the "FSA"), which took effect on August 3, 2010, among other things, "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving powder at 500 grams and 5,000 grams respectively)." Dorsey v. United States, — U.S.—, 132 S. Ct. 2321, 2335 (2012).

1

government did so by letter dated March 2, 2012, contending that the relief Gotay seeks is neither authorized by Section 3582(c) nor the FSA as "the law pertaining to mandatory minimum sentences for cocaine base offenses was changed August 3, 2010 after the offense of conviction, the plea, and the sentencing." Government Letter dated Mar. 2, 2012 at 2 (Dkt. No. 170).

The government relied on United States v. Acoff, 634 F.3d 200, 202 (2d Cir. 2011) in support of this assertion. In Acoff, the Second Circuit concluded that the FSA does not apply to defendants who committed crack offenses before the enactment of the FSA but whose sentences "were not yet final" when the FSA was enacted. Acoff, 634 F.3d 200. Acoff involved a defendant convicted of a violation of 21 U.S.C. § 841(b)(1)(B) who was sentenced before the enactment of the FSA but whose sentence was on appeal after it was enacted. Id. Acoff argued that the general savings statute, 1 U.S.C. § 109,[2] did not foreclose retroactivity of the FSA in his case; the Second Circuit disagreed. Id.

---

[2] Section 109 provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109.

On June 21, 2012, the Supreme Court in Dorsey v. United States concluded that the more lenient mandatory minimum provisions of the FSA apply to defendants who committed a crack cocaine offense before August 3, 2010, the date the FSA went into effect, but were sentenced after. 132 S. Ct. at 2335. In light of Dorsey, the Second Circuit just a few days ago abrogated Acoff. See United v. Highsmith, — F.3d —, 2012 WL 3194294, at *1 (2d Cir. Aug. 8, 2012) (per curiam) ("We write to make clear that Dorsey abrogates our decision in United States v. Acoff, 634 F.3d 200 (2d Cir. 2011)."). Highsmith, like Dorsey, involved a defendant who committed crack-related crimes subject to the pre-FSA mandatory minimums, but who was not sentenced until after the FSA became law, Highsmith, 2012 WL 3194294, at *3, a situation not present here. Indeed, unlike in Dorsey, Gotay's conduct and sentencing occurred before the enactment of the FSA on August 3, 2010. Thus, it is not Dorsey—which involved only a narrow subset of defendants—but instead United States v. Diaz, 627 F.3d 930, 931 (per curiam), that controls.

In Diaz, a defendant who was convicted and sentenced well before the passage of the FSA sought a sentence reduction under it. Relying on the general savings statute, the Second Circuit affirmed the district court's rejection of the defendant's request for resentencing. See Diaz, 627 F.3d at 931 ("In this case, the FSA contains no express statement that it is intended to have retroactive effect nor can we infer such intent from its language. As a result, the FSA cannot be applied to reduce Appellant's sentence because, inter alia, he was convicted and sentenced before the FSA was enacted. (emphasis added) (citing United States v. Carradine, 621 F.3d 575 (6th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010))).

3

Before Dorsey, circuit courts around the country were unanimous in their conclusion that there is "no evidence that Congress intended the Fair Sentencing Act to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment." United States v. Baptist, 646 F.3d 1225, 1229 (9th Cir. 2011) (per curiam) (collecting cases). And, after Dorsey, all of the circuits to address the question have adhered to their previous positions. See, e.g., United States v. Mouzone, — F.3d —, 2012 WL 3039215, at *11 (4th Cir. July 26, 2012) ("[The defendant was sentenced on July 9, 2010, and the [FSA] applies retroactively only to 'offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.'" (quoting Dorsey, 132 S. Ct. at 2331)); United States v. Wormley, 471 F. App'x 837, 839 (10th Cir. 2012) (noting that its precedent forecloses the argument that "the lower mandatory minimums in the FSA apply retroactively" to defendants sentenced before the enactment of the FSA and that Dorsey is "of no assistance in this matter"); United States v. Davidson, — F. App'x —, 2012 WL 2914495, at *1 (3d Cir. July 18, 2012) ("[T]he Fair Sentencing Act's change to the statutory penalties for crack cocaine offenses does not apply retroactively to defendants who committed their crimes and were sentenced before its enactment."); United States v. Finley, — F. App'x —, 2012 WL 2505630, at *4 (6th Cir. June 29, 2012) (noting that "[o]ur sister circuits have uniformly reached the same result and declined to apply the FSA to defendants . . . who were sentenced prior to enactment of the FSA" and that Dorsey does not control). Further, the Supreme Court itself recognized in Dorsey that the ordinary practice in federal sentencing "is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." 132 S. Ct. at 2335 (emphasis added).

4

Accordingly, because Gotay was convicted and sentenced before the enactment of the FSA, Diaz continues to control and Gotay's motion must therefore be denied. The pre-FSA law under which Gotay was sentenced is "now recognized by virtually everyone, including Congress, to have imposed unnecessarily and unfairly severe mandatory sentences." Acoff, 634 F.3d at 205 (Lynch, J. concurring). But short of the Supreme Court revising its view of the general savings statute, only Congress can make the FSA fully retroactive and provide relief to those languishing in prison as a result of pre-FSA law. Hopefully some day it will. As Justice Kennedy wrote in a slightly different context, "[t]here is no reason to deny § 3582(c)(2) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range." Freeman v. United States, — U.S. —, 131 S. Ct. 2685, 2692, 180 L. Ed. 2d 519 (2011).

SO ORDERED.

Dated:    Brooklyn, New York
          August 10, 2012

I. Leo Glasser
Senior United States District Judge